# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NORMAN J. HOPPENSTEIN | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:14-cv-467 |
| JUSTICE OF THE PEACE CHUCK | § | Judge Mazzant |
| RUCKEL; TIM WALKER, BAILIFF; | § | |
| SAMMY KNAPP, CONSTABLE | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Revised Amended Motion to Dismiss (Dkt. #18). Having considered the relevant pleadings, the Court finds Defendants' motion should be denied.

## BACKGROUND[1]

On February 13, 2014, Plaintiff came to the Justice Court located at the Collin County sub-Courthouse in Plano, Texas, to attend a hearing presided over by Defendant, Judge Chuck Ruckel ("Judge Ruckel"). (Dkt. #9 at ¶ 9; 13). Plaintiff wanted to go inside the courtroom "to view the demeanor and questions asked by Judge Ruckel prior to his case being called," but when he attempted to open the door to the courtroom, it was locked. *Id.* at ¶ 13. He noticed other people were waiting outside of the courtroom as well. *Id.* Plaintiff knocked on the courtroom door to attempt to gain access. *Id.* at ¶ 14. Defendant Tim Walker, who was serving as bailiff, answered the door. *Id.* Plaintiff was not allowed to enter the courtroom at this time.[2] *Id.* Twenty minutes later, Defendant Walker opened the door to the courtroom and allowed all of

---

[1] Because the Court is considering a Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b), the facts are as alleged by Plaintiff and are taken from Plaintiff's Amended Complaint. (Dkt. #9).
[2] Defendants assert that Defendant Walker went to inquire about the contents of the docket before immediately returning to let Plaintiff in the courtroom. *Id.* at ¶ 14, n.3.

the people in the waiting room, including Plaintiff, to go inside. *Id.* at ¶ 15. No security check was performed on any individuals as they entered the courtroom. *Id.*

On September 10, 2014, Plaintiff filed an Amended Complaint (Dkt. #9). On September 24, 2014, Defendants filed an Amended Motion to Dismiss (Dkt. #18). On October 2, 2014, Plaintiff filed his Response (Dkt. #19). On October 10, 2014, Defendants filed their Reply (Dkt. #21).

**LEGAL STANDARD**

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement…showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d. 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir.

2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F. 3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

**ANALYSIS**

Defendants argue that the Court should dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) for the following reasons: (1) Plaintiff cannot claim injunctive relief under 42 U.S.C § 1983 due to Defendants' judicial or quasi-judicial status; (2) Plaintiff does not allege a plausible First Amendment declaratory judgment claim against Defendants; (3) Plaintiff does not allege a plausible claim under article I, section 13 of the Texas Constitution; (4) Plaintiff does not allege a plausible claim for relief under article I, section 8 of the Texas Constitution; and (5) Plaintiff is not entitled to relief under the Texas Declaratory Judgment Act.

*Injunctive Relief Against Defendants*

Defendants contend that Plaintiff has not stated a claim of relief sufficient to overcome Defendants' judicial or quasi-judicial immunity. Additionally, they contend that Plaintiff has not pleaded facts suggesting that a declaratory decree was violated or declaratory relief was unavailable; and therefore, Plaintiff is barred from seeking injunctive relief. (Dkt. 18 at 6). Plaintiff contends that his claim for relief asks for injunctive relief only if declaratory relief is unavailable as allowed by the Federal Rules of Civil Procedure 8(a)(3).[3]

Judges have been held immune from liability for judicial acts done within their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107,110 (5th Cir. 1996). Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. *See, e.g.*, *Mays*, 97 F.3d at 111; *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990).

---

[3] A pleading that states a claim for relief must contain: (3) a demand for relief sought, which may include relief in the alternative or different types of relief. FED. R. CIV. PRO. 8(a)(3).

However, judicial immunity is not a bar to suits seeking injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Although Congress amended 42 U.S.C. § 1983 with the Federal Courts Improvement Act of 1996 ("FCIA"), the amendment does not create an absolute bar on suits seeking injunctive relief.[4] The FCIA statutorily overruled *Pulliam*'s holding regarding the availability of injunctive relief against a state judge in his official capacity. Therefore, neither injunctive relief nor monetary damages are available in a section 1983 action against a state judge. *See Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008). However, Plaintiff also seeks declaratory relief.

Although Defendants contend that Plaintiff's claim warrants dismissal[5], the purpose of a Rule 12(b)(6) motion to dismiss is intended to address the "adequacy of the pleadings." *Stowe v. Russell*, 564 F.Supp.2d 666, 671 (E.D. Tex 2008) (quoting *Southard v. United Regional Healthcare System*, 2006 WL 1947312, at *3 (N.D. Tex.)). Defendants cite no authority that requires the Court to dismiss this claim based upon the limited relief being sought in this case.

Accepting as true all well-pleaded facts in Plaintiff's Amended Complaint, and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff's claim may be supported by showing some set of facts consistent with the allegations in the Amended Complaint. Further, Plaintiff's claim plausibly suggests an entitlement to relief. Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying Plaintiff an opportunity to develop facts to support his complaint. Therefore,

---

[4] The amended provision of Section 1983 states "…in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

[5] As noted in the Court's Order Denying Defendants' Motion to Stay (Dkt. #15), Defendants mistakenly assert that qualified immunity is in play in this case. Defendants were not sued in their individual capacity and Plaintiff is not seeking monetary damages. He is only seeking declaratory and injunctive relief.

Defendants' FED. R. CIV. P. 12(b)(6) Motion to Dismiss Plaintiff's claim for injunctive relief is denied at this time.

*First Amendment Claim for Declaratory Relief Against Defendants*

Defendants contend that Plaintiff has not alleged that "any person, including the Plaintiff, was actually excluded from entry into the courtroom." (Dkt. #18 at 8-9). Therefore, Defendants allege that Plaintiff's First Amendment claim for declaratory relief should be dismissed. Plaintiff contends that he has pleaded a plausible claim by stating that he was not allowed inside the locked courtroom for twenty minutes. (Dkt. #9 at ¶ 14-15). The Court agrees that Plaintiff has sufficiently pleaded facts demonstrating a First Amendment claim for declaratory relief.

The right of access to the court is considered a fundamental right under the Constitution. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Ryland v. Shapiro*, 708 F.2d 967, 971 (5th Cir. 1983). Historically, both civil and criminal trials have been open to the public. *Huminski v. Corsones*, 396 F.3d 53, 81 (2nd Cir. 2004). The First Amendment right of access to court proceedings creates a presumption that a person is entitled to access, but this presumption can be overcome if court officials reasonably decide that there is a threat, and if the restrictions on access are reasonably tailored to meet the legitimate goals of the exclusion. *Huminski*, 396 F.3d at 58-59. Restraints are reviewed using the strict scrutiny standard.

> [T]he circumstances under which the press and public can be barred from a…trial are limited; the State's justification in denying access must be a weighty one…[I]t must be shown that the denial is necessitated by a compelling…interest, and is narrowly tailored to serve that interest.

*Id*. at 85 (quoting *Globe Newspaper v. Super. Ct. of Norfolk Cnty.*, 457 U.S. 596, 606-07 (1982)). To establish a compelling interest, the movant must demonstrate "a substantial probability of prejudice to a compelling interest of the defendant, government, or third party, which closure

6

would prevent." *Huminski*, 396 F.3d at 86 (quoting *United States v. Doe*, 63 F.3d 121, 128 (2nd Cir. 1995)).[6]

Although Defendants contend Plaintiff's claims warrant dismissal, the purpose of a Rule 12(b)(6) motion to dismiss is intended to address the "adequacy of the pleading." *Stowe v. Russell*, 564 F.Supp.2d 666, 671 (E.D. Tex 2008) (quoting *Southard v. United Regional Healthcare System*, 2006 WL 1947312 at *3 (N.D. Tex.)). Defendants argue Plaintiff did not assert facts to support that he was denied access to Defendant Ruckel's courtroom or told that he could not enter. (Dkt. #18 at 14). Plaintiff argues that he has pleaded sufficient facts to demonstrate that he was denied access to the court. (Dkt. #19 at 6).

Defendants also assert that Plaintiff has failed to plead a plausible claim against either Defendant Walker or Constable Sammy Knapp because he has not stated any facts linking them to the enforcement of the de-facto policy. (Dkt. #18 at 17). Plaintiff contends that he has pleaded sufficient facts to bind both Defendant Knapp and Defendant Walker to action. (Dkt. #19 at 23; 25). Plaintiff argues that all Defendants "continue to enforce and tacitly approve" of the de-facto policy of locking the courtroom doors. (*Id.* at 23).

Accepting as true all well-pleaded facts in Plaintiff's Amended Complaint, and viewing them in the light most favorable to the Plaintiff, the Court finds that Plaintiff's claims may be supported by showing some set of facts consistent with the allegations in the Amended Complaint. Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying Plaintiff an opportunity to develop facts to support

---

[6] For example, "[a] professed security concern cannot…be used to mask an improper reason for closing the courtroom door…" *Id*. at 87.

his complaint. Therefore, Defendants' FED. R. CIV. P. 12(b)(6) Motion to Dismiss Plaintiff's First Amendment claim is denied.[7][8]

*Texas Constitution Article I Section 13 Violation*

Defendants contend that Plaintiff cannot recover under article I section 13 of the Texas Constitution ("open courts provision") because he was denied access to the court as a spectator, not a litigant. (Dkt. #18 at 19). Plaintiff argues that recovery was sufficiently pleaded under the open courts provision because the provision is not as narrow as Defendants contend. (Dkt. #19 at 26). The Court agrees that Plaintiff has sufficiently pleaded facts to assert recovery under the open courts provision.

The open courts provision states "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13. To establish an open courts violation, the plaintiff must demonstrate two elements: "(1) a cognizable, common law claim that is statutorily restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis." *Yancy v. United Surgical Partners Intern., Inc.*, 236 S.W.3d 778, 783 (Tex. 2007) (citing *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996); *Sax v. Votteler*, 648 S.W.2d 661, 665-66 (Tex. 1983)).

---

[7] The Court will not take judicial notice of the lack of security screening measures existing at the sub-Courthouse at this time. Plaintiff states there are "no security checks of any kind" when individuals enter the courtroom. (Dkt. 9 ¶ 15; Dkt. 19). Therefore, judicial notice would be inappropriate for purposes for this 12(b)(6) motion to dismiss and under Federal Rule of Evidence 201(b) which states "[a] court may judicially notice a fact that is not subject to reasonable dispute."

[8] The Court also finds the sign erected by Defendants following the commencement of the proceedings does not render the current action moot. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) (Supreme Court found no question of mootness existed after city revised a challenged ordinance while case was pending before the court of appeals because the city's repeal of the objectionable language would not preclude it from reinstating the same provision if judgment was vacated).

"The open courts provision specifically guarantees all litigants…the right to their day in court." *LeCroy v. Hanlon*, 713 S.W.2d 335, 341 (Tex. 1986) (citing *Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex. 1984); *Sax v. Votteler*, 648 S.W.2d at 665; *Hanks v. Port Arthur*, 678 S.W.2d 944, 947 (Tex. 1932)). However, "[t]he provision's wording and history demonstrate[s] the importance of the right of access to the court...[I]t is all-inclusive: '*all* courts are to be open;' 'for *every* person'…" *Lecroy v. Hanlon*, 713 S.W.2d 335, 339 (Tex. 1986). Defendants contend that the open courts provision is a due process provision to be used by litigants only. However, the Texas Constitution includes a separate due process clause[9]; therefore, it would appear that the open courts provision was intended to provide rights in addition to those provided under the due process clause. *See LeCroy v. Hanlon*, 713 S.W.2d 335, 340-41 (Tex. 1986).

Accepting as true all well-pleaded facts in Plaintiff's Amended Complaint, and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff's claims may be supported by showing some set of facts consistent with the allegations in the Amended Complaint. Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying Plaintiff an opportunity to develop facts to support his complaint. Therefore, Defendants' FED. R. CIV. P. 12(b)(6) Motion to Dismiss Plaintiff's claim under article I, section 13 of the Texas constitution is denied.

*Texas Constitution Article I, Section 8*

Defendants contend that Plaintiff's claim under article I, section 8 of the Texas Constitution is tied to his claim under the First Amendment of the U.S. Constitution. (Dkt. #18 at 20). Defendants assert that Plaintiff's claim mirrors his claim under the First Amendment, and therefore, should be dismissed for the same reasons as his First Amendment claim. *Id.* at 20.

---

[9] Tex. Const. art. I § 19, "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due court of the law of the land."

The Court has already ruled that Plaintiff has pleaded a sufficient claim under the First Amendment of the U.S. Constitution. Therefore, accepting as true all well-pleaded facts in Plaintiff's Amended Complaint, and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff's claims may be supported by showing some set of facts consistent with the allegations in the Amended Complaint. Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying Plaintiff an opportunity to develop facts to support his complaint. The Court finds that Defendants' FED. R. CIV. P. 12(b)(6) Motion to Dismiss on Plaintiff's article I, section 8 claim of the Texas Constitution is denied.

### *Texas Declaratory Judgment Act*

Defendants contend that Plaintiff cannot recover under the Texas Declaratory Judgment Act, codified in chapter 37 of the Texas Civil Practice and Remedies Code because Plaintiff has not pleaded an independent substantive state law granting the court the ability to award attorney's fees. (*See* Dkt. #18 at 20-21). The Texas Declaratory Judgment Act states, "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. The Texas DJA functions solely as a procedural mechanism for resolving substantive 'controversies which are already within the jurisdiction of the courts.'" *Housing Authority v. Valdez*, 841 S.W.2d 860, 864 (Tex.App.—Corpus Christi 1992, writ denied). Therefore, the Texas Declaratory Judgment Act cannot be used as the substantive law basis for a case arising under federal question or diversity jurisdiction. *See Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208 (5th Cir. 1998); *Self-Ins. Inst. Of Am., Inc. v. Korioth*, 53 F.3d 694 (5th Cir. 1995).

Although Plaintiff's case arises out of federal question jurisdiction, it appears that Plaintiff has pleaded this case under 28 U.S.C. § 2201 and Tex. Civ. Prac. & Rem. Code § 37.003. (Dkt. #9 ¶ 40). Therefore, Plaintiff is not using Tex. Civ. Prac. & Rem. Code § 37.009 as his basis for substantive law. He is instead requesting attorney's fees as is permitted because he pleaded a cause of action under Tex. Civ. Prac. & Rem. Code § 37.003. Therefore, Defendants' FED. R. CIV. P. 12(b)(6) Motion to Dismiss on Plaintiff's claim under the Texas Declaratory Judgment Act is denied.

## CONCLUSION

Based on the foregoing, the Court finds Defendants' Motion to Dismiss (Dkt. #18) is hereby **DENIED.**

SIGNED this 22nd day of January, 2015.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE